# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

      **v.**
                                  **Case No. 13-CR-234**

**DAMIAN PATRICK**
        **Defendant.**

---

## ORDER

The government charged defendant Damian Patrick with possession of a firearm as a felon. Officers discovered the firearm in the course of taking defendant into custody on a warrant regarding a probation/parole violation. Defendant filed a motion to suppress, arguing that the police violated his Fourth Amendment rights when they determined his location by tracking his cell phone pursuant to a state court order. The magistrate judge handling pre-trial proceedings recommended denial of the motion, and District Judge Randa adopted the recommendation. Defendant then entered a conditional guilty plea, reserving his right to appeal the denial of his motion, and on June 25, 2015, Judge Randa sentenced him to 57 months' imprisonment. Defendant filed a notice of appeal, and the matter is now pending before the Seventh Circuit, set for oral argument on May 24, 2016.

On April 5, 2016, defendant filed in this court a motion for an indicative ruling on a motion for new trial under Rule 33. See Fed. R. Crim. P. 33(a) ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."). The case was reassigned to me due to Judge Randa's unavailability.

In the motion, defendant indicates that he litigated the suppression issue based on the

government's representation that the officers tracked his location using information provided by the cell phone service provider. Defendant indicates that, after filing his opening brief in the Seventh Circuit, he discovered that the police actually used a device known as a "Stingray" or cell-site simulator, which acts as a cell phone tower, bypasses the service provider altogether, and precisely locates all cell phones within its operating radius. Based on this discovery, defendant moves to vacate the judgment and seeks to supplement briefing on his motion to suppress based on newly discovered evidence. Because he has an appeal pending, this court may not grant such a motion until the Seventh Circuit remands the case. See Fed. R. Crim. P. 33(b)(1) ("Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case."). Defendant therefore asks this court to issue an indicative ruling on his motion. See Fed. R. App. P. 12.1(a) ("If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.").

As the government notes in its response, Rule 33 does not apply to defendants who plead guilty rather than going to trial. E.g., United States v. Spaulding, 802 F.3d 1110, 1125 n.20 (10th Cir. 2015); United States v. Strom, 611 Fed. Appx. 148, 149 (4th Cir. 2015); United States v. Graciani, 61 F.3d 70, 78 (1st Cir. 1995) (citing United States v. Collins, 898 F.2d 103, 104 (9th Cir. 1990); United States v. Lambert, 603 F.2d 808, 809 (10th Cir. 1979); Williams v. United States, 290 F.2d 217, 218 (5th Cir. 1961)); see also United States v. Chaney, 538 Fed. Appx. 728, 729 (7th Cir. 2013) (citing United States v. Lewis, 921 F.2d 563, 564 (5th Cir.1991)

2

(explaining that Rule 33 is unavailable to defendants who plead guilty)).  Defendant replies that he is not asking for a new trial but rather a chance to supplement briefing on his motion to suppress based on newly discovered evidence.  However, he provides no authority for the use of Rule 33 as a vehicle for such relief.  Defendant also contends that the plain language of Rule 33 allows the court to vacate "any judgment" regardless of whether obtained by guilty plea or jury verdict.  But he again cites no authority for the argument, which courts have consistently rejected.  E.g., Collins, 898 F.2d at 104 ("By its terms, Rule 33 applies only to cases in which a <u>trial</u> has occurred.  When the defendant has pled guilty, as here, no trial has occurred and the Rule 33 remedy is unavailable.").[1]  Absent a basis for granting the relief requested under Rule 33, there is no basis for issuing an indicative ruling.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 74) is **DENIED**.  Of course, nothing in this order precludes the parties from seeking to present these issues to the court of appeals or from seeking a remand from that court to further develop the record.  I express no opinion thereon.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1]As defendant notes, the Seventh Circuit has not addressed this issue in a published decision.  However, it appears that every circuit which has addressed the issue has concluded that Rule 33 may not be used by defendants who plead guilty.

3